IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:12-CR-35 |
| | ) | |
| | ) | The Honorable Liam O'Grady |
| JESSE CURTIS MORTON, | ) | Hearing: February 3, 2017 |
| | ) | |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES ON DEFENDANT'S
SUPERVISED RELEASE VIOLATIONS**

The United States of America, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, hereby submits this memorandum on the supervised release violations of Jesse Curtis Morton (hereinafter "Defendant"). According to the petition executed by U.S. Probation Officer Raymon M. Hess on January 5, 2017, as well as the petition's addendums of January 25 and January 30, 2017, the Defendant violated the conditions of his supervised release by committing new offenses under Virginia state law, and by using cocaine. The Defendant's alleged state law offenses include manufacturing a controlled substance and residing in a bawdy place, in violation of Virginia Code Sections 18.2-248 and 18.2-347, respectively. The Defendant's drug use is evidenced by a positive test for cocaine as well as the Defendant's own admission. For the reasons stated below, the government recommends that this Court find the Defendant in violation of the terms of his supervised release, revoke said supervised release, and sentence the Defendant to a term of imprisonment consistent with the Sentencing Guidelines recommendation of **24 months**.

I.  **Background**

On February 9, 2012, the Defendant pleaded guilty to: one count of conspiracy in violation of 18 U.S.C. § 371, one count of communicating threats in violation of 18 U.S.C. § 875(c), and one count of using the internet to place another in fear of death or serious injury, in violation of 18 U.S.C. § 2261A(2)(B).[1]  This Court entered judgment on June 22, 2012, and imposed a sentence of 138 months' imprisonment followed by three years of supervised release and a special assessment of $300.  The conditions on the Defendant's supervised release include the standard conditions, as well as the special condition that the Defendant submit to and pay for a computer monitoring program and software.  On September 26, 2014, following a motion by the government under Rule 35(b), this Court found that the Defendant had rendered substantial assistance and reduced his sentence of imprisonment to 52 months.  On February 27, 2015, the Defendant was released, beginning his three-year term of supervision scheduled to expire on February 26, 2018.

II. **Violations on Supervised Release**

On March 17, 2016, Officer Hess submitted a petition on supervised release, along with a no action letter, regarding a state law charge of assault on a family member, in violation of Virginia Code Section 18.2.-57.2,[2] as well as a positive test for marijuana.  On March 18, 2016,

---

[1] Morton co-founded a website called "Revolution Muslim," which became a successful recruiting hub for Al Qaeda.  The platform inspired followers to execute plots such as attempting to fly a remote-controlled plane rigged with explosives into the pentagon, to murder a Swedish cartoonist for a satirical depiction of the Prophet Muhammad, and to terrorize students of a conservative Jewish school in New York City.  Revolution Muslim also inspired followers to fight for Al Qaeda and other organizations in Yemen, Somalia, and elsewhere.  More directly, Morton facilitated threats against the creators of South Park, a satirical television show, for more offensive commentary on the Prophet Muhammad.

[2] The assault charges were dismissed by the Fairfax County Juvenile and Domestic Relations Court on April 28, 2016.

this Court approved the probation officer's recommendation, and the Defendant was placed under Phase I drug testing in addition to increased mental health and drug treatment sessions.

On January 5, 2017, Officer Hess submitted a petition on supervised release, alleging that the Defendant violated the condition that he commit no new local, state, or federal offenses. The allegation was based on the Defendant's arrest on December 28, 2016, by Fairfax County Police for both prostitution and cocaine offenses. According to police reports, the Defendant responded to an ad for prostitution by going to a local hotel, where he was arrested on arrival. When searched pursuant to his arrest, the Defendant possessed eleven concealed bags of cocaine plus cocaine-related paraphernalia. This Court issued a summons in response to the petition.

On January 25, 2017, Officer Hess submitted an addendum to his petition, alleging that the Defendant violated the condition that he not purchase, possess, use, distribute, or administer any narcotic or controlled substance. The allegation was based on the Defendant's admission that he had declined into a three-week crack-cocaine binge in November and December, and that he continued to suffer manic episodes. The Defendant signed a written admission to that effect. In the following weeks, the Defendant failed to follow Officer Hess's mental health treatment instructions, missed four out of five scheduled appointments with Officer Hess, and failed to report for two out of three required drug tests.[3]

On January 30, 2017, Officer Hess submitted a second addendum, alleging that the Defendant again violated the condition that he not purchase, possess, use, distribute, or administer any narcotic or controlled substance. The allegation was based on the Defendant's testing positive for cocaine on January 27. 2017. On the same day and prior to the drug test, the

---

[3] The drug screening with which the Defendant did comply resulted negative for illegal substances.

Defendant denied having used any illegal substances since his arrest in Fairfax. This Court issued an arrest warrant in response to the second addendum to the petition; however, the Defendant appeared on January 31, 2016, as directed by the original summons.

### III. Analysis

#### a. Legal Standard

A court may revoke a term of supervised release upon a finding by a preponderance of the evidence that a Defendant has violated a condition of his release. 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). Upon finding that the Defendant violated one or more conditions of supervised release, the Court may (i) revoke supervised release and impose a term of imprisonment or home confinement authorized by statute; (ii) under certain conditions, extend the term of supervised release, and modify, reduce, or enlarge the conditions of supervised release; or (iii) terminate a term of supervised release. 18 U.S.C. § 3583(e).

In considering what action to take upon a violation of supervised release, the Court considers, to the extent applicable (i) the nature and circumstances of the offense and the history and characteristics of the Defendant; (ii) the need for adequate deterrence; (iii) the need to protect the public from further crimes of the Defendant; (iv) the need to provide the Defendant with training or treatment; (v) the United States Sentencing Guidelines ("Guidelines"); (vi) pertinent policy statements issued by the United States Sentencing Commission; (vii) the need to avoid unwarranted sentencing disparities; and (viii) the need to provide restitution to victims. *Id.* § 3583(e).

### b. Guidelines and Statutory Analysis

The U.S. Sentencing Guidelines provide non-binding policy statements regarding supervised release violations. U.S.S.G. § 7A1; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995). The Defendant's state charge for cocaine possession under Virginia Code Section 18.2-248 is a Grade A violation under the Guidelines because it is punishable by over a year in prison, and it involves a controlled substance. *Id.* § 7B1.1(a)(1). The Defendant's state charge for bawdy place under Virginia Code Section 18.2-347 is a Grade C violation because it is punishable by a year or less in prison. *Id.* § 7B1.1(a)(3)(A). Finally, the Defendant's admission to using cocaine and positive test for cocaine both constitute Grade C violations because there are simple violations of the terms of supervision. *Id.* § 7B1.1(a)(3)(B). The lesser violations notwithstanding, the Guidelines advise that a sentence be imposed commensurate with the most serious violation, which here is a Grade A violation. *Id.* at § 7B1.1(b). The Guidelines therefore advise that the Court revoke supervised release and impose an appropriate term of imprisonment. *Id.* at § 7B1.3(a)(1).

Because the Defendant's criminal history at the time of sentencing was in Category V, the Guidelines range in this case would usually be 30 – 37 months. However, pursuant to 18 U.S.C. § 3583(e)(3), where the underlying offense was a Class C or D felony, the term of imprisonment upon revocation of supervised release may not exceed two years. In this case, all counts to which the Defendant pleaded guilty in the underlying case were Class D felonies because they were punishable by no more than five years. *See* 18 U.S.C. § 3559(a)(4).[4] In this scenario, the Guidelines recommend that the statutory maximum of two years "be substituted for

---

[4] The maximum prison sentences for the Defendant's violations of 18 U.S.C. §§ 371, 875(c), and 2261A(2)(B) were five years each.

5

the applicable range." U.S.S.G. § 7B1.4(b)(1). The final guidelines recommendation, therefore, is **24 months' imprisonment**.

### IV.     Recommendation

This is a Defendant who has been given every advantage and opportunity to reform. At first, his prospects appeared positive. In September 2014, this Court reduced his sentence from 138 months to 52 months pursuant to Rule 35. A local university granted him a research fellowship. "I may never be able to repair the damage that I have done," he told the New York Times in August 2016, "but I think I can at least try." Rukmini Callimachi, Once a Qaeda Recruiter, Now a Voice Against Jihad, The New York Times, Aug. 29, 2016.

Notwithstanding his opportunities to repair the damage that he has done, he threw them all away. When Officer Hess reported the Defendant's first drug violation in March 2016, the Defendant was given yet an another opportunity to stay on track. Merely months later, the Defendant regressed to the point of losing himself to crack-cocaine for weeks at a time. Accounts from both police reports and his probation officer indicate not only that the Defendant's drug addiction has made him a danger to public safety, but also that the addiction has advanced so rapidly that the Defendant cannot meet the requirements of even a rigorous self-treatment program.

The same concerns are true of the Defendant's mental health struggles. Officer Hess's petition suggests that the Defendant has either refused or been reluctant to attend therapy, to take his medication, and even to go to an emergency room when Officer Hess advised immediate attention was needed.

The government believes that a period of incarceration is necessary to adequately communicate the seriousness of the Defendant's mental health and drug treatment obligations. It

may be true that the Defendant cannot undo the damage he caused by fanning the flames of violent extremist elements living within the United States, but—at a minimum—his fellow Americans certainly deserve for him to avoid exacerbating other public safety threats.

For these reasons, the government requests that the Court find the Defendant in violation of the terms of his supervised release. The government recommends that the Court sentence the Defendant to a 24-month period of imprisonment, which is equal to the Sentencing Guidelines recommendation, followed by a continued term of supervised release.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:    /s/
Kathryn D. Sparks
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3877
Fax: (703) 299-3980
Email: kathryn.d.sparks@usdoj.gov

Gordon D. Kromberg
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3721
Fax: (703) 299-3980
Email: GKromberg@usa.doj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2017, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic copy to all parties of record. In addition, I hereby certify that on February 1, 2017, I emailed a copy of the foregoing to the U.S. Probation Officer assigned to this matter:

    Raymond M. Hess
    Senior U.S. Probation Officer
    Manassas, Virginia
    Raymond_Hess@vaep.uscourts.gov

                                                      By: _____/s/_____
                                                        Kathryn D. Sparks
                                                        Special Assistant United States Attorney
                                                        United States Attorney's Office
                                                        Eastern District of Virginia
                                                        2100 Jamieson Avenue
                                                        Alexandria, Virginia 22314
                                                        Phone: (703) 299-3877
                                                        Fax: (703) 299-3980
                                                        Email: kathryn.d.sparks@usdoj.gov