IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:12-CR-35 |
| | ) | |
| JESSE CURTIS MORTON, | ) | The Honorable Liam O'Grady |
| | ) | |
| Defendant. | ) | Hearing: February 3, 2017 |

**DEFENDANT'S POSITION ON SUPERVISED RELEASE VIOLATION**

COMES NOW the Defendant, Jesse Curtis Morton, through counsel, and submits this memorandum to assist this Honorable Court in determining a fair and just disposition to his violation of supervised release.

**Factual Background**

The probation office's Petition on Supervised Release and the government's position memo accurately describe the procedural history of the underlying case, so those facts will not be restated here.

On January 31, 2017, Mr. Morton made his initial appearance for this supervised release violation pursuant to a summons issued on his probation officer's original Petition. At that time, an outstanding arrest warrant was served on Mr. Morton, and he was taken into custody. The arrest warrant had been issued on January 30, 2017 following the probation officer's submission of the third and final addendum to the Petition. Mr. Morton was brought before the Magistrate Judge later that day for a preliminary hearing and a detention review hearing. At that time, Mr. Morton admitted to violating Condition #7 of his supervised release as set forth in the addendums to the Petition.

Mr. Morton denied the violation alleged in the original Petition – that he had committed

another crime – because the charges brought against him in Fairfax County are still pending. Mr. Morton was arrested on those charges on December 28, 2016 and released on a $250 cash bond with pretrial supervision on January 3, 2017. Mr. Morton is represented by the Public Defender on those charges. A preliminary hearing has been scheduled for April 19, 2017. A prosecutor has not yet been assigned to the case by the Commonwealth's Attorney's Office, so no discovery or plea discussions have taken place.

After Mr. Morton's admission, the Magistrate Judge found probable cause to support a violation of Condition #7, set the matter for a revocation hearing before this Court, and ordered that Mr. Morton be detained pending that hearing.

**Defendant's Position**

1. Violation of Mandatory Condition: The Defendant Shall Not Commit Another Federal, State, or Local Crime.

Given the pending nature of the charges, Mr. Morton requests that the Court defer ruling on this violation until after April 19. As noted above, these charges are in their earliest stages. No prosecutor has reviewed the evidence or made any determinations as to how the Commonwealth will proceed. Based on the facts currently known, it is possible the evidence only supports a charge of simple possession of cocaine, not distribution. Were such a resolution to occur, it could substantially affect this Court's ruling on the violation.

2. Violation of Condition #7: The Defendant Shall Not Use Any Narcotic or Other Controlled Substance.

As detailed in Mr. Morton's Presentence Report, his struggles with drug abuse and addiction began at an early age. Once he converted to Islam, married, and began raising a family, he found the support he needed to maintain sobriety for many years. Unfortunately, after

his release from prison in February of 2015, his marriage ended. He and his wife lived together with their two children (now ages 6 and 7) until October of 2015, but their years apart had changed them too much. During this time, Mr. Morton was diagnosed with bipolar disorder and placed on medication.

After he separated from his wife, Mr. Morton began drinking again. This ended over 13 years of sobriety. He moved in with a woman, but she soon became verbally and emotionally abusive. In March of 2016, she falsely charged Mr. Morton with domestic assault. The charge was dropped at the end of April, and Mr. Morton ended the relationship.

In August of 2016, Mr. Morton gained employment with George Washington University's Program on Extremism. Prior to this, Mr. Morton had been working covertly with the FBI on their efforts to counter Islamic online extremism. Once he began work at George Washington, Mr. Morton's efforts became public. Both the New York Times and the Washington Post published articles about his past and his ongoing work with the FBI. The demands on his time became excessive. His position at George Washington required travel, interviews, and academic writing. At the same time, Mr. Morton was continuing to work with the FBI, meet his probation obligations, and manage his bipolar disorder. He also had shared custody of his children and was spending 2 or 3 nights a week with them.

It was a life Mr. Morton thought he could manage, but he now sees he could not. He was not eating or sleeping properly, and he became careless with his bipolar medicine. He began going out with work colleagues to drink "socially." Then he hit bottom. In a manic state, he went out after work for some drinks and ended up alone in a crack house. As he admitted to his probation officer, he went on three-week long cocaine induced binge coupled with manic episodes that ended with his arrest on December 28.

As a result of his arrest, Mr. Morton lost his job at George Washington. Mr. Morton informed his ex-wife of the arrest, and they agreed that the children would not stay overnight with him until he completes necessary treatment. Mr. Morton is committed to obtaining such help. He believes he needs in-patient treatment to restore his sobriety and manage his bipolar disorder. He knows he is an addict who can never touch alcohol or drugs. He knows he has to learn to live with and manage his mental illness.

Currently, Mr. Morton is renting a basement apartment in Springfield, Virginia. He has lived there for six months. He has approximately $6,000 in savings which he believes can sustain him while undergoes treatment. He does not have health insurance, so his options are limited. However, he has been receiving limited, outpatient treatment through the Fairfax County Community Services Board while on supervised release. (They diagnosed his bipolar disorder and provide his medication.) Upon his release from confinement, Mr. Morton will submit to an emergency intake evaluation with his treatment providers at the Community Services Board and request in-patient treatment.

Mr. Morton is clearly in need of substantial mental health treatment and drug counseling. Since his detention, he has been held in the jail's detoxification wing. Once he completes detox, he has been told that he will be held in isolation, presumably because of his known cooperation with authorities. He is not receiving any medication for his bipolar disorder. Given these circumstances, the jail appears to be ill-equipped to address Mr. Morton's situation.

Based on the foregoing, a prolonged period of incarceration is not called for. Since beginning supervised release, Mr. Morton has confronted exceptionally difficult circumstances. He has gone through a divorce and been diagnosed with mental illness. His work with the FBI and George Washington placed him in unusually stressful situations. From February of 2015 to

December of 2016 he was able to manage these difficulties.  Then he lost control of his bipolar disorder, fell into a manic state, and relapsed into drug abuse.  Such a scenario is, unfortunately, all too common for people suffering from mental illness.

    Mr. Morton requests that the Court impose a minimal period of incarceration for this violation.  He is committed to managing his mental illness and regaining his sobriety.  He asks that he be returned to supervised release with specific conditions that require him to successfully undergo in-patient mental health and drug treatment as provided by the Community Services Board or such other provider as approved by his probation officer.

                          Respectfully submitted,

                          JESSE CURTIS MORTON
                          By Counsel

_____/s/_____
James W. Hundley, VSB # 30723
BRIGLIAHUNDLEY, P.C.
1921 Gallows Road, Suite 750
Tysons Corner, Virginia 22182
703-883-0880
703-883-0899 (fax)
jhundley@brigliahundley.com

CERTIFICATE OF SERVICE

   I hereby certify that on the 2nd day of February, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following:

        Kathryn D. Sparks
        Spcial Assistant United States Attorney
        Kathryn.d.sparks@usdoj.gov

        Gordon Kromberg
        Assistant United States Attorney
        GKromberg@usa.doj.gov

        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, VA 22314

        *Counsel for the United States*

        _____/s/_____
        James W. Hundley, VSB # 30723
        BRIGLIAHUNDLEY, P.C.
        1921 Gallows Road, Suite 750
        Tysons Corner, Virginia 22182
        703-883-0880
        703-883-0899 (fax)
        jhundley@brigliahundley.com