# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:12-cr-35 |
| v. | The Honorable Liam O'Grady |
| JESSE CURTIS MORTON, | Hearing: October 27, 2017 |
| *Defendant*. | |

## GOVERNMENT'S POSITION ON
## DEFENDANT'S SUPERVISED RELEASE VIOLATION

Defendant Jesse Morton is on supervised release after completing a 60-month sentence for making threats using jihadist internet and social media platforms, and then serving an additional 90 days in prison after this Court revoked his supervised release in response to Defendant's arrest for manufacturing a controlled substance and responding to a prostitution advertisement. Since his most recent release in early 2017, however, Defendant has complied with his conditions of release and made progress towards rehabilitation. He completed an inpatient substance abuse treatment program, attends weekly sessions for mental health and substance abuse treatment, and has maintained a steady job and residence. Despite largely complying with his current supervised release conditions, Defendant admitted to using marijuana on one occasion in September 2017. Accordingly, the United States, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, submits this memorandum on Defendant's supervised release violation. The Government asks the Court to impose a sentence of one weekend of incarceration and continue Defendant's current period of supervised release—set to run through April 2019—to ensure that he continues on the path towards rehabilitation.

## I. Background

On February 9, 2012, Defendant pleaded guilty to a three-count criminal information charging him with conspiracy, in violation of 21 U.S.C. § 371, communicating threats, in violation of 18 U.S.C. § 875, and using the internet to place another in fear, in violation of 18 U.S.C. § 2261A. ECF No. 23. These charges arose from Defendant's involvement with Revolution Muslim, through which he made threats on social media platforms and websites against Jewish organizations, the creators of the television show South Park, and an artist in Washington State. *See* ECF No. 24. On June 22, 2012, this Court sentenced Defendant to concurrent prison terms of 60 months for counts one and two, and 18 months for count three, followed by three years of supervised release. ECF No. 43. Defendant was released from the Federal Bureau of Prisons on February 27, 2015, and began serving his term of supervised release in the Eastern District of Virginia.

## II. Prior Violations of Supervised Release

On March 17, 2016, the U.S. Probation Office submitted a no action report to this Court based on Defendant's arrest for assaulting a family member and positive drug test for marijuana. ECF No. 70. Fairfax County courts dismissed the assault charge in April 2016. The Court agreed to the no action recommendation, but increased Defendant's mental health and drug treatment requirements.

On January 5, 2017, the Probation Office filed a petition alleging that defendant committed new offenses in Fairfax County, including Manufacturing a Controlled Substance and Residing in a Bawdy Place. ECF No. 53. Fairfax police arrested Defendant when he responded to an online prostitution advertisement and, during a search incident to arrest, found 11 bags of cocaine, a device used to smoke crack cocaine, and $965 in cash. *Id.* The Probation Office subsequently

filed addenda indicating that Defendant tested positive for cocaine and missed multiple drug test appointments. *See* ECF Nos. 58, 59. On February 3, 2017, this Court revoked Defendant's supervised release, imposed a prison term of 90 days, and ordered Defendant to serve an additional 2 years of supervised release after finishing his incarceration. ECF No. 68. The Court further ordered Defendant to enroll in an inpatient substance abuse treatment program. *Id.*

### III. Current Violations of Supervised Release

Defendant completed the court-ordered substance abuse treatment program on May 26, 2017, and for the next four months complied with the terms of his supervised release. ECF No. 70. In September 2017, however, Defendant again violated the terms of his supervised release by using illegal substances. The Probation Office filed a petition on September 13, 2017, alleging that Defendant's urine samples tested positive for marijuana on two occasions—August 23 and September 5, 2017—and that he admitted use to his probation officer. *Id.*

### IV. Legal Standards

Revocation of supervised release is appropriate where a court finds by a preponderance of the evidence that a defendant has violated a term of release. 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). The Government must prove violations at a revocation hearing, "an informal proceeding" in which "rules of evidence need not be strictly observed." *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968). Upon a finding that a defendant has violated a term of release, a court may impose a term of imprisonment equal to all or part of the supervised release term authorized by statute, without credit for time served previously. 18 U.S.C. § 3583(e)(3). If a court does not revoke supervised release, it may continue, modify, or terminate the release term. 18 U.S.C. § 3583(e).

Here, the statutory maximum term of imprisonment is two years because the underlying offense that resulted in Defendant's supervised release is a Class D felony. 18 U.S.C. § 3583(e)(3). If a court revokes supervised release and imposes a term of imprisonment, it also may impose a new period of supervised release to follow the incarceration. *Id*. § 3583(h). Where the underlying conviction is a Class D felony, a court may impose up to three years of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(e)(3), (h).

The Sentencing Guidelines provide non-binding policy statements regarding the appropriate sanction for supervised release violations. U.S.S.G. § 7A1; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995). Defendant's violations are Grade C violations under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(3). According to the Guidelines, upon finding a Grade C violation, a court may either revoke supervised release or it may extend and/or modify the conditions of supervised release. *Id.* at § 7B1.3(a)(2). At the time of sentencing, Defendant's criminal history fell into Guidelines Category V. A Grade C violation by a defendant with a Criminal History Category V results in a recommended sentencing range of 7 to 13 months in prison. *See* U.S.S.G. § 7B1.4(a).

In addition to the Guidelines recommendation, courts evaluating sanctions for supervised release violations consider the history and characteristics of the defendant, the nature and circumstances of the offense, and other applicable Section 3553(a) sentencing factors. 18 U.S.C. § 3583(e). These include the need for the sentence to provide adequate deterrence, protect the public, and provide the defendant with correctional treatment. 18 U.S.C. §§ 3553(a)(2)(B)-(D) and (a)(4)-(7).

## V. Analysis and Recommendation

The United States respectfully asks the Court to find Defendant in violation of his supervised release, impose one-weekend of incarceration, and continue Defendant's supervision, which currently expires on April 20, 2019. Defendant acknowledges willfully violating the terms of his supervised release, having informed his probation officer that he used marijuana simply because he "was feeling stressed." ECF No. 70 at 3. The fact Defendant resorted to illegal drug use is concerning given the significant resources devoted to his substance abuse treatment and monitoring.

Accordingly, the government submits that a brief period of incarceration is necessary to reflect the seriousness of Defendant's conduct and to deter future violations. The government recognizes that Defendant has made efforts towards rehabilitation since his release from his most recent incarceration. Specifically, Defendant completed an inpatient treatment program in May 2017, meets weekly with medical professionals for mental health and substance abuse treatment, and has maintained consistent housing and employment. These commendable steps toward rehabilitation, however, do not excuse Defendant's blatant disregard for the conditions of supervised release that this Court has imposed. Nonetheless the Government does not believe a lengthier sentence is appropriate given its potential to disrupt the progress Defendant has made to date. Therefore, the Government asks the Court to impose one-weekend of incarceration and continue Defendant's supervision.

Respectfully submitted,

Dana J. Boente
United States Attorney

Dated: October 25, 2017         By:        /s/
                                       Michael J. Songer
                                       Special Assistant United States Attorney
                                       Alexander P. Berrang
                                       Assistant United States Attorney
                                       United States Attorney's Office
                                       Eastern District of Virginia
                                       2100 Jamieson Avenue
                                       Alexandria, Virginia 22314
                                       Phone: (703) 299-3700
                                       Fax: (703) 299-3980
                                       E-mail: Michael.Songer2 @usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of October, 2017, I caused a copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

I further hereby certify that on the 25th day of October, 2017, I emailed a copy of the foregoing to the U.S. Probation Office assigned to this matter:

    Kimberly Hess
    U.S. Probation Officer
    Eastern District of Virginia

By:    /s/
    Michael J. Songer
    Special Assistant United States Attorney
    United States Attorney's Office
    Eastern District of Virginia
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: (703) 299-3700
    Fax: (703) 299-3980
    E-mail: Michael.Songer2@usdoj.gov