IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 1:12-cr-35 |
| v. | ) |
| | ) The Honorable Liam O'Grady |
| JESSE CURTIS MORTON, | ) |
| | ) Hearing: April 13, 2018 |
| Defendant. | ) |

**GOVERNMENT'S POSITION ON
DEFENDANT'S SUPERVISED RELEASE VIOLATIONS**

The United States of America, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, hereby submits this memorandum on the supervised release violations of defendant Jesse Morton (hereinafter "defendant"), as documented in the Petition on Supervised Release submitted by Senior U.S. Probation Officer Raymond M. Hess and filed on January 19, 2018, and the Addendums to the Petition filed on January 25, 2018, and March 30, 2018. For the reasons set forth below, the Government respectfully recommends that the Court revoke the defendant's supervised release and impose a one-week term of incarceration followed by a one-year term of supervised release under the same conditions.

**BACKGROUND**

**I.     The Defendant's Underlying Convictions**

On February 9, 2012, the defendant pleaded guilty to a three-count criminal information charging him with (1) a wide-ranging conspiracy to distribute information regarding the manufacture and use of explosives, persuade others to engage in felonious conduct involving threats against another person, transmit threats in interstate commerce, and use the internet to place others in fear of death or bodily injury, in violation of 18 U.S.C. §§ 371, 875, & 2261A; (2)

communicating threats to injure others in interstate commerce, in violation of 18 U.S.C. § 875; and (3) using the internet to place another in fear of death or serious bodily injury, in violation of 18 U.S.C. § 2261A. These charges arose from the defendant's involvement with Revolution Muslim, an organization that operated various websites through which he made threats against Jewish organizations, the creators of the television show "South Park," and an artist in Washington State. On June 22, 2012, this Court sentenced the defendant to one hundred and thirty-eight months of incarceration—two sixty-month terms for counts one and two and an eighteen-month term for count three, set to run consecutively and with credit for time served—followed by three years of supervised release for each count, set to run concurrently. On September 26, 2014, the Court reduced the defendant's term of incarceration to fifty-two months. The defendant was released from the custody of the Bureau of Prisons and began his term of supervision on February 27, 2015.

## II.    The Defendant's Adjustment to Supervised Release

The defendant's supervised release has been interrupted by multiple instances of noncompliance. To begin, on March 17, 2016, the U.S. Probation Office submitted a no action report after the defendant tested positive for marijuana and committed an assault on a family member, in violation of Virginia Code Section 18.2-57.2. The Court agreed to the no action recommendation, but increased the defendant's mental health and drug treatment requirements. In April 2016, Fairfax County dismissed his assault charges.

On January 5, 2017, the U.S. Probation Office filed a petition alleging that the defendant violated the conditions of his supervision by committing new criminal offenses in Fairfax County—namely, manufacturing a controlled substance and residing in a bawdy place. Fairfax police arrested the defendant after he responded to an online prostitution advertisement and, during

a search incident to arrest, discovered eleven bags of cocaine, a device used to smoke crack cocaine, and $965 in cash. The U.S. Probation Office then filed an addendum to this petition, alleging that the defendant tested positive for cocaine and missed multiple drug-testing appointments. Based on this conduct, the Court revoked the defendant's term of supervised release on February 3, 2017, sentenced him to a ninety-day term of imprisonment, and ordered that he serve an additional two-year term of supervised release after his incarceration. The Court further ordered that the defendant enroll in an inpatient substance abuse treatment program.

Most recently, the defendant violated the condition of his supervision barring the use of illicit substances. A September 13, 2017 petition submitted by the U.S. Probation Office explains that the defendant submitted urine samples that tested positive for marijuana on August 23, 2017 and September 5, 2017, and that the defendant subsequently admitted to using marijuana. During an October 27, 2017 hearing, the Court found the defendant in violation of the conditions of his supervision but declined to impose a penalty, instead ordering him to continue on supervision under the same conditions. Since this hearing, the defendant has attended substance abuse and mental health treatment on a weekly basis and is currently employed. His term of supervision is set to end on April 20, 2019.

**III.  Current Violations of Supervised Release**

The U.S. Probation Office filed the instant Petition on Supervised Release on January 19, 2018, alleging that the defendant violated a mandatory condition of his release barring him from engaging in criminal conduct while on supervision. Specifically, it alleges that, on December 21, 2017 at the Springfield Mall, the defendant stole a bracelet from an unattended shopping bag. According to the petition, Fairfax County police reviewed security footage, which allegedly showed the defendant removing the bracelet from a bag and putting it in his pocket. Fairfax County

police were able to identify the tag number of the defendant's vehicle using footage from a different security camera and attempted to contact him. After he failed to return their calls, Fairfax County police issued a warrant for the defendant's arrest on grand larceny charges.

Then, on January 12, 2018, Senior U.S. Probation Officer Hess visited the defendant's home, only to be told by the defendant's live-in girlfriend that the defendant was in a detention center after having gotten into an argument with their other roommate. According to the other roommate, for a period of time leading up to the argument, the defendant had been drinking alcohol and becoming verbally abusive with her and his live-in girlfriend on a daily basis. Occasionally, the roommate reported, he became physically abusive with his girlfriend. Tired of the defendant's behavior, the roommate told Officer Hess that she locked the defendant out of their apartment on the day of the argument. The defendant became angry when he realized that he had been locked out and began banging loudly on the door and threatening the roommate. The roommate then called the police, at which point the defendant fled and was later arrested nearby. Law enforcement did not file criminal charges against the defendant for this incident.

On January 17, 2018, the U.S. Probation Office made contact with the defendant regarding his grand larceny charges. The defendant reported that he and his girlfriend accidentally took the bag containing the bracelet while shopping at the Springfield Mall. When they realized their mistake, the defendant claimed, they returned the bracelet to the store. The grand larceny charges were dismissed during a preliminary hearing in Fairfax County District Court on April 3, 2017.

The U.S. Probation Office filed two addendums to the instant petition. The first addendum, filed on January 25, 2018, alleges that the defendant violated standard condition 11 of his supervision, which requires that he notify the U.S. Probation Office within seventy-two hours of being arrested or questioned by a law enforcement officer. According to the addendum, Officer

Hess met with the defendant on two occasions between the filing of the grand larceny charges on December 21, 2017, and the defendant's arrest on January 11, 2018, and the defendant failed to report the December 21, 2017 incident on both occasions. The addendum further alleges that the defendant was aware that he was under investigation for grand larceny because he called the arresting officer on December 22, 2018 to inquire about the pending charges.

The second addendum, filed on March 30, 2018, alleges that the defendant violated: (1) standard condition 1, which prohibits him from leaving this district without permission from the U.S. Probation Office; (2) standard condition 3, which requires that he follow the U.S. Probation Office's instructions and truthfully answer all inquiries; and (3) standard condition 11, which requires that he notify the U.S. Probation Office within seventy-two hours of being questioned by law enforcement. According to the addendum, the U.S. Probation Office had given the defendant permission to visit his sister in Kingston, New York from March 11, 2018 to March 14, 2018. On March 12, 2018, however, U.S. Customs and Border Patrol ("CBP") notified the U.S. Probation Office that the defendant had been stopped at Roufes Point, New York—approximately 250 miles west of Kingston, New York—trying to gain entry into Canada. During his interview with CBP, the defendant reported that he was trying to enter Canada to attend a conference on terrorism. CBP did not allow the defendant entry based on his criminal record.

Upon investigation, the U.S. Probation Office discovered that the defendant travelled directly to this location from Virginia, indicating that he did not intend to visit his sister, at least initially. Upon his return, the defendant reported to the U.S. Probation Office that he had visited his sister and did not mention his attempt to enter Canada or his contact with CBP. When confronted, however, he admitted the above conduct.

Additionally, in his position paper on the supervised release violations, filed April 10,

2018, the defendant admits the violations described in the second addendum, but denies the violations described in the original petition and the first addendum.

## ANALYSIS

**I.        Legal Standard**

A court may revoke a term of supervised release upon a finding by a preponderance of the evidence that a defendant has violated a condition of the release, and impose a term of imprisonment equal to all or part of the supervised release term authorized by statute, without credit for time previously served. 18 U.S.C. § 3583(e)(3). Upon revocation, a court may impose another period of supervised release, the length of which shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* at § 3583(h). If a court does not revoke supervised release, the court may continue, modify, or terminate a term of supervised release. *Id.* at § 3583(e).

The Fourth Circuit has observed that a "revocation hearing is an informal proceeding and rules of evidence need not be strictly observed." *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968); *see also Morrissey v. Brewer,* 408 U.S. 471, 484 (1972). Before revoking or modifying a term of supervised release, courts are to consider the history and characteristics of the defendant, the nature and circumstances of the offense, and other applicable Section 3553(a) sentencing factors. *See* 18 U.S.C. § 3583(e). These include the need for the sentence to provide adequate deterrence, to protect the public, and to provide the defendant with correctional treatment, among other factors. *See* 18 U.S.C. § 3553(a)(2)(B)–(D) and (a)(4)–(7).

## II.     Statutory and Guidelines Analysis

Here, the statutory maximum term of imprisonment is two years because the underlying offense that resulted in the defendant's supervised release is a Class D felony. 18 U.S.C. § 3583(e)(3). If a court revokes supervised release and imposes a term of imprisonment, it may also impose a new period of supervised release to follow the term of incarceration. *Id.* at § 3583(h). When, as here, the underlying conviction is a Class D felony, the court may impose up to three years of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(e)(3) & (h).

The U.S. Sentencing Guidelines provide non-binding policy statements for supervised release violations. *See* U.S.S.G. § 7 Part A. Under the Guidelines, the most serious of the defendant's alleged violations of the conditions of his release—the commission of felony grand larceny while on supervision—is a Grade B violation. U.S.S.G. § 7B1.1(a)(2). At the time of sentencing for the underlying offense, the defendant's criminal history fell into Guidelines Category V. When a defendant with a Criminal History Category of V commits a Grade B violation, the Guidelines recommend a sentence range of eighteen to twenty-four months. *Id.* at § 7B1.4(a). Additionally, the violations that the defendant has admitted—those contained in the second addendum—are Grade C violations. *Id.* at § 7B1.1(a)(3). When a defendant with a Criminal History Category of V commits a Grade C violation, the Guidelines recommend a sentence range of seven to thirteen months. *Id.* at § 7B1.4(a).

## **RECOMMENDATION**

The United States respectfully recommends that this Court find the defendant in violation of the conditions of his supervised release, revoke his current term of supervision, and impose a one-week term of incarceration followed by a new one-year term of supervised release under the

same conditions. Setting aside the defendant's dismissed grand larceny charge and the defendant's alleged failure to report that charge to the U.S. Probation Office, the U.S. Probation Office's second addendum and the defendant's position paper on his supervised release violations establish that he violated standard conditions 1, 3, and 11 of his supervised release. Indeed, the addendum indicates that, after lying about his conduct, the defendant eventually admitted that he had contact with CBP during an unauthorized attempt to enter Canada. This admission alone is sufficient to find the defendant in violation of his supervision. Moreover, given that the defendant's efforts to comply with the terms of his supervised release have fluctuated over the years, his latest effort to conceal this attempted trip to another country from the U.S. Probation Office is a particularly concerning sign.

The United States therefore submits that a brief period of incarceration is necessary to reflect the seriousness of the defendant's conduct in light of his history of noncompliance while on supervision, and to deter future violations. While the government recognizes that the defendant has taken some steps towards his rehabilitation since his release from his most recent term of incarceration—that is, he appears to be attending mental health and substance abuse treatment on a weekly basis and maintaining consistent employment—these efforts do not excuse the defendant's most recent conduct. In fact, given the resources that have been devoted to the defendant's treatment, rehabilitation, and monitoring to date, his refusal to be forthright with the U.S. Probation Office and to comply with the conditions of supervision imposed by this Court is inexcusable. Nonetheless, the government does not believe that a lengthier sentence than the one recommended is appropriate given its potential to disrupt the progress that the defendant has made to date in other aspects of his rehabilitation. The government also believes that the defendant will benefit from an additional one-year term of supervised release to ensure that he becomes fully

compliant before termination of his supervision. In any event, his current term of supervised release is set to terminate approximately one year from now, on April 20, 2019.

Accordingly, the United States respectfully recommends that the Court revoke the defendants supervised release, impose a one-week term of incarceration, and thereafter continue the defendant on supervision for one year under the same terms and conditions.

                        Respectfully submitted,

                        Tracy Doherty-McCormick
                        Acting United States Attorney

By:    /s/ William G. Clayman
        William G. Clayman
        Special Assistant United States Attorney
        Samantha Bateman
        Assistant United States Attorney
        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Phone: (703) 299-3744
        Fax: (703) 299-3980
        Email: william.g.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2018, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic copy to the following:

James W. Hundley
Briglia Hundley, P.C.
1921 Gallows Road, Suite 750
Tysons Corner, VA 22182
Phone: (703) 883-0880
Email: jhundley@brigliahundley.com

                Respectfully submitted,

                Tracy Doherty-McCormick
                Acting United States Attorney

By:   /s/ William G. Clayman
                William G. Clayman
                Special Assistant United States Attorney
                United States Attorney's Office
                Eastern District of Virginia
                2100 Jamieson Avenue
                Alexandria, VA 22314
                Phone: (703) 299-3744
                Fax: (703) 299-3980
                Email: william.g.clayman@usdoj.gov